USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DEBORAH ANN SCHERMAN,

               Plaintiff,         09 Civ. 2476 (DAB)
                                        10 Civ. 1246 (DAB)
  -against-                         ADOPTION OF REPORT
                                        AND RECOMMENDATION
                                        AND DISMISSAL ORDER

NEW YORK STATE BANKING DEPARTMENT,

               Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    Pro Se Plaintiff Deborah Ann Scherman ("Plaintiff" or "Scherman") has filed two related employment discrimination actions against her employer, Defendant New York State Banking Department ("Defendant" or "NYSBD") in this Court. In the first action, filed on February 27, 2009 and docketed at 09 Civ. 2476 (DAB), Plaintiff alleges that Defendant discriminated against her based on her disability – specifically, physical impairments associated with carpal tunnel syndrome and shoulder surgery – in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, et seq. (the "ADA action"). In the second action, filed on February 17, 2010 and docketed at 10 Civ. 1246 (DAB), Plaintiff alleges that Defendant discriminated against her in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. (the "ADEA action"). Plaintiff filed an Amended Complaint in the ADEA action on April 9, 2010.

On July 14, 2009, Defendant moved to dismiss the Complaint in 09 Civ. 2476 (DAB), pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim.  Once fully submitted, the Court referred Defendant's Motion to Magistrate Judge Andrew J. Peck on December 22, 2009.  Defendant moved to dismiss Plaintiff's Amended Complaint in 10 Civ. 1246 (DAB) on July 9, 2010.  Plaintiff has not yet responded to Defendant's Motion in the ADEA action.

Now before the Court is Magistrate Judge Peck's March 19, 2010 Report and Recommendation in 09 Civ. 2476 (DAB) ("Report"), recommending that Defendant's Motion to Dismiss the Complaint in that matter be GRANTED.  (Report at 2.)  Specifically, Judge Peck recommends that the Motion be granted because: (1) Plaintiff's claim for money damages under ADA Title I is barred by the Eleventh Amendment; and (2) Plaintiff fails to state a valid claim under ADA Title II.  (Report at 1.)  Plaintiff has filed timely objections to Judge Peck's Report.  Plaintiff objects specifically to the Magistrate's finding that Defendant is immune from suit under the Eleventh Amendment.

For the reasons set forth below, Judge Peck's Report and Recommendation dated March 19, 2010 shall be adopted in its entirety, and Defendant's Motion to Dismiss in 09 Civ. 2476 (DAB) shall be GRANTED for lack of subject matter jurisdiction over

Plaintiff's ADA Title I claim and failure to state a claim under ADA Title II. Because Defendant is immune from suit under the ADEA, as it is immune under ADA Title I, the Court further dismisses Plaintiff's Complaint in 10 Civ. 1246 (DAB), the ADEA action, <u>sua sponte</u>, for lack of subject matter jurisdiction.

I. Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); <u>accord</u> 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review <u>de novo</u> "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); <u>see also</u> <u>Ortiz v. Barkley</u>, 558

3

F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Plaintiff filed timely objections to the Magistrate's Report on April 2, 2010. ("Pl.'s Objs.") In her objections, Plaintiff principally restates the facts of the case and excerpts portions

4

of the Constitution. Construed liberally, Plaintiff's objections raise only one specific objection to the Magistrate's Report and Recommendation: that Defendant should not be immune from suit under the Eleventh Amendment. (See Pl.'s Objs. at 6 ("On the job injuries are situations that happen but through malicious intent with a continuous pattern and an employer whose remedy is pulling a blanket over themselves and saying abracadabra Eleventh Amendment."); 10 (". . . this behavior on the Employer [sic] part should not be allow [sic] to be cloaked in time delaying tactics and using a statute that was not intended for their abuse of State privileges.").) While Plaintiff's objection might be viewed as an objection to the law rather than an objection to the Magistrate's finding, the Court reviews de novo that portion of Judge Peck's Report finding Defendant immune from suit.

II. Discussion

The facts alleged in the Complaint in 09 Civ. 2476 (DAB) are set forth in detail in Magistrate Judge Peck's Report (see Report at 2-3) and will not be reiterated by the Court here.

The Eleventh Amendment to the United States Constitution states:

> "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States

5

>     by Citizens of another State, or by Citizens or Subjects
>     of any Foreign State."

U.S. Const. Amend. XI. Although the plain language of the Amendment speaks only to suits against a State by citizens of another State, the Supreme Court has "repeatedly held that this immunity also applies to unconsented suits brought by a State's own citizens." Tennessee v. Lane, 541 U.S. 509, 517 (2004) (citing Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)). Eleventh Amendment immunity "extends beyond the states themselves to state agents and instrumentalities that are, effectively, arms of a state." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (citation omitted). The Second Circuit has developed a two-factor test to determine whether an agency is an arm of the state, warranting Eleventh Amendment immunity from suit: "(1) 'the extent to which the state would be responsible for satisfying any judgment that might be entered against the defendant entity,' and (2) 'the degree of supervision exercised by the state over the defendant entity.'" Clissuras v. City Univ. of N.Y., 359 F.3d 79, 82 (2d Cir. 2004) (quoting Pikulin v. City Univ. of N.Y., 176 F.3d 598, 600 (2d Cir. 1999)).

As Judge Peck explains in his Report, Defendant New York State Banking Department satisfies both factors of this test: the State Comptroller pays the Department's expenses out of State funds, and the Department Superintendent and board members are

6

appointed by the Governor with the advice and consent of the State Senate. (Report at 12.) Further, courts in this Circuit which have considered the issue have found the NYSBD to be immune from suit under the Eleventh Amendment as an arm of the State of New York. Jenkins v. New York State Banking Dept., 07 Civ. 11317 (JGK), 07 Civ. 6322 (JGK), 2010 WL 2382417, at **10-11 (S.D.N.Y. June 14, 2010); Bechtel v. New York State Banking Dept., 09 Civ. 182S, 1997 WL 667784, at *2 (W.D.N.Y. Oct. 14, 1997).

"The Eleventh Amendment bar to suit is not absolute", Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990), and there are two circumstances in which an individual may sue a State. First, Congress may abrogate the State's Eleventh Amendment immunity "when it both unequivocally intends to do so and act[s] pursuant to a valid grant of constitutional authority", including the Fourteenth Amendment. Garrett, 531 U.S. at 363 (citation omitted). Second, a State may waive its sovereign immunity by consenting to suit. See, e.g., College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666 (1999) (citations omitted). As Judge Peck correctly found in the Report, neither exception applies here. The Supreme Court has held that Congress' enactment of Title I of the ADA did not abrogate state sovereign immunity, Garrett, 531 U.S. at 368, and the State of New York has not waived its immunity.
(See Report at 14.)

Accordingly, the Court agrees with Judge Peck that Defendant New York State Banking Department is immune from suit under Title I of the ADA, and dismissal of Plaintiff's claim under Title I is appropriate for lack of subject matter jurisdiction.

For the same reason, dismissal of Plaintiff's case against Defendant under the ADEA, 10 Civ. 1246 (DAB), is appropriate. The Supreme Court has held that the ADEA did not validly abrogate states' Eleventh Amendment immunity from suit by private individuals, see Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91 (2000), and the State of New York has not waived its sovereign immunity or consent to be sued in federal court under the ADEA. See Canales-Jacobs v. New York State Office of Ct. Admin., 640 F.Supp. 2d 482, 498-99 (S.D.N.Y. 2009). Accordingly, Defendant is immune from suit in the ADEA action, and the Court dismisses that matter, sua sponte, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see Kontrick v. Ryan, 540 U.S. 443, 455 (2004) (citing Fed. R. Civ. P. 12(h)(3)); County of Nassau, N.Y. v. Hotels.com, LP, 577 F.3d 89, 92 (2d Cir. 2009).

III. Conclusion

Having reviewed the March 19, 2010 Report and Recommendation

of Magistrate Judge Andrew J. Peck in 09 Civ. 2476 (DAB) for clear error, and having conducted a de novo review of that portion of the Report against which Plaintiff submitted objections, the Court HEREBY APPROVES, ADOPTS, and RATIFIES the Report in its entirety, and Defendant's Motion to Dismiss in 09 Civ. 2476 (DAB) is GRANTED.

Plaintiff's second employment discrimination action against Defendant, 10 Civ. 1246 (DAB) is dismissed by the Court, sua sponte, for lack of subject matter jurisdiction. The Clerk of Court is directed to close the dockets in these cases.

SO ORDERED.

Dated:    New York, New York

          July 26, 2010

*Deborah A. Batts*

DEBORAH A. BATTS
United States District Judge